IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §  CRIMINAL NO. 4:21-CR-251-SDJ-CAN |
| | § |
| WILLIAM LLOYD GRIFFITH | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 31, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Marisa Miller.

On May 14, 2012, United States District Judge Barbara M. G. Lynn sentenced Defendant to a term of one hundred and forty (140) months' imprisonment followed by four (4) years of supervised release. On January 19, 2016, Defendant's term of imprisonment was reduced to one hundred and twenty (120) months. On December 23, 2020, Defendant completed his term of imprisonment and began serving the term of supervision. On September 3, 2021, this action was transferred to the Eastern District of Texas and assigned to United States District Judge Sean D. Jordan.

On November 1, 2021, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions

1

of the probation officer; (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) Defendant shall refrain from any unlawful use of a controlled substance; (6) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (7) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement; and (8) Defendant shall participate in a program for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. *See* Dkt. 2.

The Petition asserts Defendant violated the foregoing conditions as follows:

- On June 13, 2021, Defendant was arrested for Manufacture/Delivery of a Controlled Substance.
- On July 3, 2021, Defendant submitted a monthly report through the U.S. Probation Office's Electronic Reporting System and reported no changes, despite having been in custody in Dallas County, Texas, rendering his statement untruthful.
- On approximately May 7, 2021, Defendant moved from Melissa, Texas, to Denison, Texas, without notifying his probation officer.
- On approximately August 30, 2021, the U.S. Probation Office learned Defendant moved from Melissa, Texas, to Garland, Texas, without notifying his probation officer.
- A urine sample provided by Defendant on July 23, 2021, tested positive for methamphetamine.
- On May 24, 2021, Defendant was stopped by law enforcement for speeding. He did not report this encounter to his probation officer until June 3, 2021.
- On July 21, 2021, Defendant reported his June 13, 2021, arrest to his probation officer. Defendant was released on bond on July 14, 2021.
- On August 23, 2020, Defendant was unsuccessfully discharged from individual substance abuse counseling after having attended only two sessions.

On January 31, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 10. Defendant entered a plea of true to allegations 3, 4, 7, and 8, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 10, 11. The Government moved to dismiss allegations 1, 2, 5, and 6, which the Court granted. *See* Dkt. 10. The Court finds that

Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 31, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, followed by an additional twenty-four (24) months of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at the Federal Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 1st day of February, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE